## K. B. A. CHAIR COMPANY, INC. v. A. DAVIS, N. HELFMAN AND OTHERS.

### DAVIS CHAIR COMPANY, APPELLANT.[1]

October 7, 1921.

No. 22,397.

**Sale — finding sustained.**

> The evidence in this case is sufficient to sustain the finding that plaintiff made a sale of certain chairs to defendants.

Action in the municipal court of Minneapolis against the partners composing the Davis Chair Company to recover $590.35, the price of certain chairs. The answer set up a counterclaim for $62.40. The case was tried before C. L. Smith, J., who made findings and ordered judgment in favor of plaintiff for $562.85. From an order denying its motion for a new trial, Davis Chair Company appealed. Affirmed.

[1]Reported in 184 N. W. 673.

*N. Rivkin, George R. Smith* and *H. Stanley Hanson,* for appellant.
*Stevens & Stevens,* for respondent.

HALLAM, J.

This is an action to recover the price of certain chairs alleged to have been sold by plaintiff to defendants. The court found for plaintiff. Defendants appealed. The chairs were delivered. Plaintiff claims they were delivered pursuant to an agreement of sale. Defendants deny any such agreement. The question submitted to us is whether the evidence on the part of plaintiff is sufficient to sustain the finding that there was a sale. The evidence is for the most part that of plaintiff's general manager. His testimony is disconnected and at times confusing, but he did testify to a negotiation with two of defendants at different times, the effect of which was to make out a contract of sale. He is corroborated by the fact that a receipt was given for the chairs, unsigned though it was, and he testified that this was written out under the direction of one of defendants, and delivered to him by the same defendant. There is the further fact that the chairs were never returned and plaintiff's witness testified that defendants never asked plaintiff to take them back before this suit was started. Considering all the evidence in plaintiff's behalf, we think it is sufficient to sustain the court's finding.

Order affirmed.